IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. Josue R. Alvarez
2. Rodolfo Alvarez
3. Michael T. Arashiro
4. Timothy L. Chaney
5. Robert J. Cruz
6. Brent E. Dandoy
7. Michael A. Del Valle
8. Anthony J. DuCray
9. David G. Esquer Jr.
10. Bryant M. Garnes
11. Eden Gervais
12. Ryan A. Hamilton
13. Rodolfo P. Lizaola
14. Eduardo Lopez
15. Chad J. McElroy
16. Antonio J. Ogeen
17. Jose R. Ortiz
18. Michael L. Reddick
19. Andrew E. Scott
20. Craig A. Thompson
21. Lester V. Vega

Case No. 22-1766 C

(Judge _____)

22. Miguel A. Villa

23. Kyle L. Williams

Plaintiffs,

v.

THE UNITED STATES

Defendant.

# COMPLAINT

1.  Plaintiffs are current and former employees of the defendant United States at the Customs and Border Protection Agency ("Customs" or "CBP"), in its Office of Inspector General ("OIG"). Plaintiffs bring this action against Defendant because Defendant has violated the Customs Officer Pay Reform Act ("COPRA"), and alternatively, the overtime pay provisions of the Fair Labor Standards Act ("FLSA"). Plaintiffs seek damages and other relief pursuant to 19 U.S.C. § 267(a)(1), 5 U.S.C. § 5596, and 29 U.S.C. § 216(b).

# JURISDICTION AND VENUE

2.  The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491 and 5 U.S.C. § 701 *et seq*.

# PARTIES

3.  The Plaintiffs have each been employed by Defendant as a "Customs Officer," within the meaning of COPRA, 19 U.S.C. § 267(a)(1), and assigned to the "Special Response Team" at CBP at all relevant times herein. Since at least October 19, 2016, they have been unlawfully deprived of overtime pay mandated by the provisions of COPRA or, in the alternative, section 7 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. Plaintiffs have given their

written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b), and their consent to sue forms are attached as Exhibit A.

4. At all relevant times herein, each of the plaintiffs in this action is, or has been, an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

5. The United States is named as a defendant pursuant to 28 U.S.C. § 1491, and, at all times material herein, has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x) and § 203(d). Defendant employs, or has employed, the plaintiffs and other employees in similar activities and has as its principal place of business in Washington, D.C.

## FACTS

6. CBP is one of the world's largest law enforcement organizations, charged with safeguarding America's borders and enhancing the nation's economic prosperity by safely and securely facilitating international travel and trade. CBP handles every aspect of border control and protection, from agricultural inspection to tactical threat response. Plaintiffs and other Customs Officers at CBP perform work that involves detecting and preventing terrorists and instruments of terror from entering the United States, safeguarding the rights of persons to enter, reside in, or depart from the United States and its territories, and monitoring the importation or exportation of merchandise, among other job duties.

7. In the wake of Hurricane Katrina in 2006, CBP formed the Special Response Team ("SRT") to respond to particularly complex or dangerous situations. Because of their assignment to SRT, Plaintiffs received specialized training in tactics, equipment, and other topics related to their work.

8. Plaintiffs and other members of the SRT normally are or were assigned to and work at official duty stations in field offices scattered across the country, from Miami to Seattle. CBP's

SRT field offices are located, for example, in Atlanta, Baltimore, Boston, Buffalo, Chicago, Detroit, El Paso, Laredo, Los Angeles, Houston, Miami, New Orleans, New York, Puerto Rico, San Diego, San Francisco, Seattle, and Tucson.

9.      Plaintiffs and other members of the SRT, while employed by Defendant and assigned to the SRT, were at all such times assigned to regular work schedules resulting in a total of at least 40 hours of work each seven-day workweek. For example, Plaintiff Ouzounian was regularly assigned to work four, 10-hour workdays each workweek, and Plaintiff Garnes was regularly assigned to work five, 8-hour days each workweek.

10.     As members of the SRT, Plaintiffs were routinely assigned to overnight travel away from their official duty stations for purposes of training or special assignments that required additional SRT members beyond those available at a single field office or in areas where no field office was located.

11.     For example, since at least October 19, 2016, and continuing through the present and ongoing, Defendant has routinely assigned Plaintiffs to overnight travel away from their official duty stations to perform various functions around the country, including but not limited to performing "dignitary protection" security services, performing site surveys/threat assessments, providing chemical/biological/radiological/nuclear/explosives ("CBRNE") response, acting as a mobile field force, providing security and protection work for "mail search operations" at predetermined locations, participating in border-security-related operations such as "Operation Secure Line" at the Southwestern border, assisting with emergency/crisis management and performing related security work after hurricanes or other natural disasters strike, and supporting National Security Special Events.

12. Additionally, since at least October 19, 2016, and continuing through the present and ongoing, Defendant routinely assigned Plaintiffs to overnight travel away from their official duty stations to participate in agency-required training, for example, at the Defendant's Headquarters in Washington, D.C., Federal Law Enforcement Training Centers, or other locations around the country.

13. For those assignments away from Plaintiffs' official duty stations alleged in paragraphs 10, 11, and 12, Defendant frequently assigned Plaintiffs to travel, for time that exceeded the time of Plaintiffs' usual commute, during hours on nonworkdays that correspond to the employee's regular working hours, in weeks in which Plaintiffs additionally were assigned to work and in fact did work 40 or more additional hours, as part of their regularly assigned workweek.

14. However, Defendant has knowingly and willfully failed to pay Plaintiffs at the required time-and-a-half FLSA overtime rate or the required double-time COPRA overtime rate for all such compensable overtime work.

## CLAIMS

**COUNT ONE – FAILURE TO PROVIDE OVERTIME PAY UNDER THE CUSTOMS OFFICERS PAY REFORM ACT (COPRA), 19 U.S.C. § 267 AND 19 C.F.R. § 24.16**

15. Plaintiffs restate and incorporate by reference Paragraphs 1 through 14 as if fully stated herein.

16. Under COPRA, 19 U.S.C. § 267(a)(1), "a customs officer who is officially assigned to perform work in excess of 40 hours in the administrative workweek of the officer or in excess of 8 hours in a day shall be compensated for that work at an hourly rate of pay that is equal to 2 times the hourly rate of the basic pay of the officer."

17.    As set forth above, since October 19, 2016, and continuing and ongoing, Plaintiffs have been officially assigned to work and have worked in excess of 40 hours in a workweek, so Plaintiffs have been entitled to receive COPRA overtime compensation for such work hours. Specifically, for example, Plaintiffs have been officially assigned and required to travel as passengers on overnight assignments, away from their official duty stations, during hours on nonworkdays that correspond to the employee's regular working hours, resulting in Plaintiffs' working in excess of forty (40) hours in such workweek. *See* 19 U.S.C. § 267(a)(1); 19 C.F.R. § 24.16(e)(1); 5 C.F.R. § 551.422(a)(4). However, Defendant has failed to pay Plaintiffs overtime compensation at two times the hourly rate of Plaintiffs' basic pay, for all of these work hours, as required by COPRA. *See* 19 U.S.C. § 267(a)(1); 19 C.F.R. § 24.16(e)(1). As such, Plaintiffs have been deprived of COPRA overtime pay to which they have been entitled under the law.

18.    As a result of the Defendant's violations of COPRA, there have become due and owing to each of the Plaintiffs various amounts which have not yet been precisely determined. The employment and work records for Plaintiffs are in the possession, custody and control of the Defendant and the Plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant is under a duty imposed by the Government Accounting Office retention schedule and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability can be ascertained.

**COUNT TWO – FAILURE TO PROVIDE OVERTIME COMPENSATION
UNDER THE FAIR LABOR STANDARDS ACT
PURSUANT TO 29 U.S.C. § 207 AND 5 C.F.R. § 551.422**

19.    Plaintiffs restate and incorporate by reference Paragraphs 1 through 18 as if fully stated herein.

20. Section 7(a) of the FLSA (29 U.S.C. § 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. At all or some of the times material herein, Plaintiffs have been entitled to FLSA overtime pay for all hours of work in excess of forty (40) in a workweek.

21. For federal employees such as plaintiffs, time spent in a paid, nonwork status, such as holiday, paid leave, compensatory time off, and excused absences, is considered "hours of work" for purposes of calculating overtime entitlement. 5 C.F.R. § 551.401(b).

22. As set forth above, since September 18, 2019, and continuing and ongoing, Plaintiffs have been assigned to work and have worked in excess of 40 hours in a workweek, so Plaintiffs have been entitled to receive overtime compensation for such work hours. Specifically, for example, Plaintiffs have been required to travel as passengers on overnight assignments, away from their official duty stations, during hours on non-workdays that correspond to the employee's regular working hours, resulting in Plaintiffs working in excess of forty (40) hours in such workweek. *See* 5 C.F.R. § 551.422(a)(4). However, Defendant has failed to pay Plaintiffs overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of eight in a workday or 40 in a workweek in violation of 29 U.S.C. § 207 and 5 C.F.R. § 551.501. As such, Plaintiffs have been deprived of overtime compensation to which they have been entitled under the law.

23. Defendant's above-alleged violations of the FLSA are recurrent, willful and intentional.

24. As a result of the Defendant's willful and purposeful violations of the FLSA, there have become due and owing to each of the Plaintiffs various amounts that have not yet been

precisely determined. The employment and work records for each Plaintiff are in the exclusive possession, custody and control of Defendant and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, 29 U.S.C. § 211(c), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability can be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant relief against Defendant as follows:

(a) Enter judgment finding Defendant liable to Plaintiffs for overtime compensation under COPRA, 19 U.S.C. § 267, plus interest under the Back Pay Act, 5 U.S.C. § 5596—or overtime compensation and liquidated damages under the FLSA—for time spent traveling to and from assignments away from the Plaintiffs' official duty station, during hours on non-workdays that correspond to Plaintiffs' regular working hours.

(b) Order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

(c) Award each Plaintiff monetary damages in the form of backpay compensation, plus interest;

(d) Award Plaintiffs liquidated damages in an amount equal to their unpaid overtime compensation under the FLSA;

(e) Award Plaintiffs their reasonable attorneys' fees to be paid by Defendant, and the costs of this action; and

(f) Grant such other legal and equitable relief as may be just and proper.

Respectfully submitted,

*s/ John W. Stewart*
John W. Stewart
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
jws@mselaborlaw.com

*Counsel of Record for Plaintiffs*

Gregory K. McGillivary
Patrick Miller-Bartley
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
gkm@mselaborlaw.com
pmb@mselaborlaw.com

*Of Counsel for Plaintiffs*